





Search for Cases by:  Select Search Method...

Judicial Links   |   eFiling   |   Help   |   Contact Us   |   Print          GrantedPublicAccess  Logoff BHILLKKHB58926

**18SL-CC03416 - MICHAEL KRUPP V CITY OF PINE LAWN (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries:  ● Descending  ○ Ascending

Display Options: All Entries

| | | |
|---|---|---|
| 10/12/2018 | ☐ | **Corporation Served** |
| | | Document ID - 18-SMCC-8088; Served To - CITY OF PINE LAWN; Server - DUNCAN, GLEN; Served Date - 11-OCT-18; Served Time - 00:00:00; Service Type - Territory 14; Reason Description - Served; Service Text - LC |
| 09/26/2018 | ☐ | **Summons Issued-Circuit** |
| | | Document ID: 18-SMCC-8088, for CITY OF PINE LAWN. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| 09/24/2018 | ☐ | **Note to Clerk eFiling** |
| | | **Filed By:** JACLYN ZIMMERMANN |
| | ☐ | **Memorandum Filed** |
| | | Memo re filing fee. |
| | | **Filed By:** JACLYN ZIMMERMANN |
| | | **On Behalf Of:** MICHAEL KRUPP |
| 09/21/2018 | ☐ | **Judge/Clerk - Note** |
| | | MISSING BALANCE OF $3.50 FOR ST LOUIS COUNTY SHERIFF'S FEE. PLEASE SUBMIT A NOTICE OF FILING FOR SERVICE FEE ALONG WITH PAYMENT. SUMMONS NOT ISSUED. |
| 09/06/2018 | ☐ | **Filing Info Sheet eFiling** |
| | | **Filed By:** JACLYN ZIMMERMANN |
| | ☐ | **Pet Filed in Circuit Ct** |
| | | Petition. |
| | | **On Behalf Of:** MICHAEL KRUPP |
| | ☐ | **Judge Assigned** |
| | | DIV 2 |

Case.net Version 5.13.19.1          Return to Top of Page          Released 02/02/2018

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **MICHAEL KRUPP**, ) | |
| ) | |
| PLAINTIFF, ) | Cause No. _____ |
| ) | |
| v. ) | Division No. _____ |
| ) | |
| **THE CITY OF PINE LAWN,** ) | |
| **MISSOURI.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| SERVE: ) | |
| MAYOR TERRY EPPS ) | |
| 6250 STEVE MARRE AVENUE ) | |
| PINE LAWN, MO 6312105 ) | |
| ) | |
| DEFENDANT. ) | |

### PETITION FOR DAMAGES

COMES NOW Plaintiff and for his Petition for Damages states:

#### Nature of Action

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the First Amendment to the United States Constitution caused by Defendant City of Pine Lawn, MO.

#### Parties

2. Plaintiff is an adult male and a citizen of the State of Missouri.

3. Defendant City of Pine Lawn, MO (hereinafter "Pine Lawn") is a city in the State of Missouri duly organized under the laws of Missouri.

#### Factual Allegations

4. Pine Lawn hired an officer named Steven Blakeney in 2009.

5. Prior to being hired by Pine Lawn, Blakeney had an extensive history of serious misconduct, including, but not limited to:

1

(a) Blakeney was involuntarily separated from two police academies for misconduct.

(b) Blakeney was charged with 2nd Degree Sexual Misconduct in 2006 based on accusations he drugged and engaged in sexual contact with a minor.

(c) Blakeney was terminated from a separate police department after fellow officers complained about his conduct.

6. In June of 2011, shortly after Blakeney separated from his wife Amanda Blakeney, Plaintiff began a relationship with Amanda.

7. In the fall of 2011, an anonymous package was left on Plaintiff's porch that contained numerous pictures and other evidence demonstrating that Blakeney had been surveilling Mr. Krupp using Department resources.

8. Plaintiff would later discover this package was left on his porch by a Pine Lawn Police Officer who was concerned about Blakeney's conduct.

9. In November, 2011, Amanda and her two children moved in with Plaintiff.

10. In 2012, Blakeney was arrested for forcible rape.

11. In 2012, Blakeney tested positive for cocaine.

12. On August 13, 2012, Amanda and Blakeney were officially divorced.

13. In December, 2012, Plaintiff contacted Jeremy Pratt with the Peace Officer Standards & Training Program (POST Program) and reported Blakeney's harassing and abusive conduct, much of which was done on Department time and through the use of Department resources.

14. Thereafter, Plaintiff provided Mr. Pratt with a large amount of evidence against Blakeney as part of POST's investigation into Blakeney.

15. Plaintiff also reported Blakeney to the FBI.

16  From 2012 to 2014, Plaintiff spoke with at least three FBI agents regarding Blakeney's conduct.

17. In addition, Plaintiff obtained a restraining order against Blakeney.

18. During the hearing on Plaintiff's restraining order against Blakeney, Blakeney's attorney persistently questioned Plaintiff about who he had talked to about Blakeney's conduct, and Plaintiff responded that he had spoken to POST and the FBI.

19. In 2014, Blakeney's harassing and abusive conduct towards Plaintiff worsened, including persistent unjustified surveillance of Plaintiff.

20. Not only did Blakeney stalk Plaintiff, he also forced other police officers in the Pine Lawn Department under his supervision to stalk Plaintiff.

21. Plaintiff believed the persistent surveillance he was forced to endure was retaliation and a threat designed to scare Plaintiff into remaining silent about Blakeney's illegal conduct.

22. In addition, on several occasions Blakeney falsely accused Plaintiff of abusing Amanda's children.

23. These false allegations forced Plaintiff to expend significant attorney's fees and caused him immeasurable emotional distress.

24  Countless citizens, both in and out of Pine Lawn, complained about Blakeney's conduct to the Pine Lawn Police Department.

25. Several fellow police officers complained about Blakeney, including complains that he was regularly intoxicated on duty, would force subordinates to drive

3

him to and from bars and strip clubs while on duty, and would harass and assault citizens both in and out of Pine Lawn.

26. In the fall of 2014, Plaintiff's domestic relations attorney, at Plaintiff's request, contacted Pine Lawn's City Attorney and reported Blakeney's conduct towards Plaintiff and Amanda.

27. Specifically, Plaintiff's attorney sent an email to Pine Lawn's City Attorney on September 15, 2014 describing recent harassing conduct by Blakeney and other officers of the Pine Lawn Department, to which Pine Lawn's City Attorney responded by stating: "This situation overall sounds very touchy.  Pine Lawn would like to stay away from digging into the personal affairs of its officers, unless they have a direct connection to the department."

28. Finally, in December, 2014, Pine Lawn terminated Blakeney.

29. However, Blakeney's termination came only as a result of significant negative media attention following Blakeney's drugging of two women at a St. Charles bar.

**Count I – First Amended Retaliation Pursuant to 42 U.S.C. 1983**

30. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

31. Through the conduct set forth above, including reporting Blakeney's illegal conduct to POST and the FBI, Plaintiff engaged in conduct/speech protected by the First Amendment.

32. As a result of Plaintiff's protected conduct, adverse action was taken against Plaintiff, including harassment, persistent unjustified surveillance, and false

4

allegations, that would deter a person of ordinary firmness from continuing to engage in the type of protected conduct/speech that Plaintiff was engaged in.

33. The adverse action taken against Plaintiff was motivated by the protected conduct/speech engaged in by Plaintiff, and was done under the color of law.

34. Pine Lawn is liable for the constitutional violations set forth above pursuant to *Monell v. N.Y. Dep't of Soc. Scs*, 436 U.S. 658 (1978) and its progeny.

35. Pine Lawn was aware that Blakeney had a long history of serious misconduct as set forth above yet allowed Blakeney to continue his illegal conduct and thereby failed to supervise, control, train, and when appropriate discipline, Blakeney, and did so with deliberate indifference.

36. Blakeney's conduct as described above was done pursuant to official policies of Pine Lawn, or alternatively customs, practices and/or usages so pervasive as to constitute policies of Pine Lawn.

37. As a direct and proximate result of the conduct of Pine Lawn described above, Plaintiff has endured pain, suffering, emotional distress, mental anguish, humiliation, loss of enjoyment of life, loss of reputation, and other damages.

38. If Plaintiff prevails, he is entitled to an award of attorney's fees.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendant for damages in excess of $25,000, for the costs incurred herein and expended, for attorneys' fees, and for such other and further relief as the Court deems just.

        Respectfully submitted,

        PONDER ZIMMERMANN LLC

        By /s/ Jaclyn Zimmermann
          Douglas Ponder, #54968
          dbp@ponderzimmermann.com
          Jaclyn M. Zimmermann, #57814
          jmz@ponderzimmermann.com
          20 South Sarah Street
          St. Louis, MO  63108
          Phone: 314-272-2630
          FAX: 314-272-2713
          *Attorneys for Plaintiff*

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **MICHAEL KRUPP**, ) | |
| ) | |
| PLAINTIFF, ) | Cause No. 18SL-CC03416 |
| ) | |
| v. ) | Division No. _____ |
| ) | |
| **THE CITY OF PINE LAWN,** ) | |
| **MISSOURI.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| SERVE: ) | |
| MAYOR TERRY EPPS ) | |
| 6250 STEVE MARRE AVENUE ) | |
| PINE LAWN, MO 6312105 ) | |
| ) | |
| DEFENDANT. ) | |

## MEMO RE FILING FEE

COMES NOW Plaintiff and pays the additional $3.50 filing fee.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By    /s/ Jaclyn Zimmermann    
Jaclyn M. Zimmermann, #57814
jmz@ponderzimmermann.com
Douglas Ponder, #54968
dbp@ponderzimmermann.com
20 S. Sarah
St. Louis, MO 63108
Phone:  314-272-2621
Fax:  314-272-2713

Attorneys for Plaintiff

1



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MAURA B MCSHANE | Case Number: 18SL-CC03416 | |
|---|---|---|
| Plaintiff/Petitioner:<br>MICHAEL KRUPP<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN ZIMMERMANN<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br> CITY OF PINE LAWN | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CITY OF PINE LAWN
**Alias:**

**6250 STEVE MARRE AVE**
**SERVE:MAYOR TERRY EPPS**
**PINE LAWN, MO  63121**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**26-SEP-2018**
Date                                                                                         Clerk

**Further Information:**
**JJ**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____        _____
                                       Date                                       Notary Public

**Sheriff's Fees, if applicable**
Summons               $_____
Non Est                  $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $    10.00
Mileage                  $_____ (_____ miles @ $._____ per mile)
**Total**                    $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 18-SMCC-8088**    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC)  *For Court Use Only*: **Document ID# 18-SMCC-8088**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                              54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 18-SMCC-8088**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo