UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL KRUPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18 CV 1740 (JMB) |
| | ) | |
| CITY OF PINE LAWN, MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss plaintiff's first amended complaint for failure to state a claim for relief pursuant to Rule 12(b)(6), Fed.R.Civ.P., and to strike certain paragraphs, pursuant to Rule 12(f)(2). Plaintiff has filed a response in opposition and the issues are fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Plaintiff Michael Krupp alleges that Steven Blakeney stalked and harassed him while Blakeney was employed by defendant City of Pine Lawn as a police officer. Plaintiff reported Blakeney's conduct to regulatory and law enforcement authorities. Plaintiff alleges that Blakeney then increased his harassing conduct to retaliate against him and to deter him from engaging in protected speech. Plaintiff filed suit against the City of Pine Lawn in the Circuit Court of St. Louis County, asserting a claim under 42 U.S.C. § 1983 that the City had a policy, custom or practice of permitting its officers to engage in abusive, harassing conduct or, in the alternative, was deliberately indifferent to its duty to correct, supervise, control and discipline its

police officers. Defendant removed the action, asserting this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

I. **Allegations in the Complaint**

Pine Lawn hired Blakeney in 2009. In June 2011, shortly after Blakeney and his wife separated, plaintiff began a relationship with Blakeney's wife. First Amended Complaint at ¶¶ 4, 6 [Doc. # 11]. Later in 2011, someone left on plaintiff's porch a package of "numerous pictures and other evidence demonstrating that Blakeney had been surveilling [plaintiff] using Department resources." Id. at 7. In 2012, Blakeney was "arrested for forcible rape" and "tested positive for cocaine." Id. at 10-11.

In December 2012, plaintiff reported Blakeney's conduct to the Peace Officer Standards & Training (POST) Program. He gave POST "a large amount of evidence" for its investigation of Blakeney. He also contacted the FBI, speaking with at least three FBI agents between 2012 and 2014. In March 2013, plaintiff sought a restraining order against Blakeney. At the hearing, plaintiff testified that he had reported his concerns about Blakeney to POST and the FBI. Id. at ¶¶ 13-18.

After the hearing, at which Blakeney was present, Blakeney's abusive and harassing conduct worsened. Throughout 2014, he engaged in persistent unjustified surveillance of plaintiff, including appearing at events outside Pine Lawn's jurisdiction in a Pine Lawn police vehicle, wearing his uniform and accompanied by other uniformed Pine Lawn officers. Blakeney would flash his firearm at plaintiff, even though the restraining order entered against him barred him from carrying a weapon. Plaintiff believed that Blakeney was trying to intimidate him into remaining silent about Blakeney's conduct. Id. at ¶¶ 20-27.

Plaintiff alleges that multiple people complained about Blakeney's behavior to the Pine Lawn Police Department. In August 2011, the Chief of Police received a letter from someone complaining that Blakeney was harassing him. In 2013, Blakeney arrested a woman who recorded him allegedly harassing people in a barber shop. When she "released the footage," Blakeney retaliated against her by harassing her at her residence. In September 2014, plaintiff's lawyer emailed Pine Lawn's city attorney to report the ways in which Blakeney was harassing plaintiff. In response, the city attorney stated that Pine Lawn "would like to stay away from digging into the personal affairs of its officers, unless they have a direct connection to the department." Blakeney was fired in December 2014. Id. at ¶¶ 28-35.

## II. Legal Standards

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

When considering a 12(b)(6) motion, the district court accepts as true all factual allegations in the complaint and grants all reasonable inferences in favor of the nonmoving party. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.

2008) (quoting Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Courts have liberal discretion to strike pleadings under Rule 12(f). Nationwide Ins. Co. v. Cent. Mo. Elec. Co-op, Inc., 278 F.3d 742, 748 (8th Cir. 2001). However, striking a party's pleading is an extreme measure that is viewed with disfavor and infrequently granted. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the pleader." Shirrell v. St. Francis Med. Ctr., No. 1:13-CV-42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (citation omitted).

**III. Discussion**

In general, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" on a respondeat superior theory of liability. Marsh v. Phelps Cty., 902 F.3d 745, 751 (8th Cir. 2018) (citing Monell v. New York Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). To establish a municipal custom based on a failure to prevent police misconduct, a plaintiff must show that the municipality acted with deliberate indifference to the rights of persons with whom the officers come into contact. Perkins v. Hastings, No. 17-2079, 2019 WL 469718, at *6 (8th Cir. Feb. 7, 2019); see also Harris v. City of Pagedale, 821 F.2d 499, 504 (8th Cir. 1987) (applying a deliberate indifference standard to a claim of "a municipal

4

custom of failing to receive, investigate or act on citizen complaints of physical and sexual misconduct by police officers"). To establish deliberate indifference, a plaintiff ordinarily must show a pattern of constitutional violations. Perkins, 2019 WL 469718 at *6 (citations omitted).

Deliberate indifference in the context of municipal liability "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." S.M. v. Lincoln Cty., 874 F.3d 581, 585 (8th Cir. 2017) (quoting Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 410 (1997)). The issue is whether, "in light of the duties assigned to specific officers or employees the need for more or different training [or supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. (quoting Canton, 489 U.S. at 390).

The Court construes plaintiff's first amended complaint as alleging that defendant Pine Lawn was deliberately indifferent to multiple incidents involving Blakeney and that, as the result of defendant's failure to train, supervise, or otherwise intervene to stop Blakeney's conduct, Blakeney retaliated against plaintiff for exercising his rights under the First Amendment to report his wrongdoing.[1] Defendant argues that plaintiff fails to state a claim for relief because he has not pleaded that the City was on notice that Blakeney was likely to engage in retaliatory conduct. In particular, defendant argues, plaintiff has failed to allege that the mayor and board of aldermen — the final policymakers for the City — had knowledge of Blakeney's conduct.

Defendant relies on Thelma D. By & Through Delores A. v. Bd. of Educ. of City of St. Louis, 934 F.2d 929 (8th Cir. 1991) to supports its contention that plaintiff has not stated a claim for deliberate indifference. In Thelma D., a school teacher was arrested for sexual abuse of a

---

[1] Although plaintiff alleges that Blakeney had a history of misconduct before he was hired by Pine Lawn, the Court does not understand plaintiff to be asserting a claim for deliberate indifference in hiring Blakeney.

5

minor. Other students who had been sexually abused by the teacher brought suit, alleging that the Board of Education had a custom of failing to receive, investigate and act on complaints of sexual abuse. They further alleged that the Board had a custom or policy of failing to train its school principals in investigating such complaints. Id. at 931. The district court granted summary judgment to the Board of Education. On appeal, the Eighth Circuit agreed with the district court that the students failed to allege sufficient facts or provide evidence that members of the Board had knowledge of any of the prior complaints against the teacher before he was arrested. Id. at 933. The students argued that the lower-level school officials knew of the teacher's conduct and that their knowledge was "sufficient to impute constructive knowledge to the Board." The Eighth Circuit held that "[i]mputation of constructive knowledge requires a showing that the underlying unconstitutional misconduct was so widespread or flagrant that in the proper exercise of its official responsibilities the governing body should have known of [it]." Id. (citation omitted; alteration in original). The Eighth Circuit also found that "five complaints scattered over sixteen years cannot, as a matter of law, be said to comprise a persistent and widespread pattern of unconstitutional misconduct." Id. Thus, the teacher's prior misconduct alone, as a matter of law, could not "be deemed to constitute widespread misconduct" for the purposes of imputing the knowledge of lower-level employees to the Board. Id. at 933-34.

By contrast with Thelma D., in which the reported misconduct consisted of five complaints over the course of sixteen years, plaintiff here alleges that, between 2011 and 2014, Blakeney engaged in widespread misconduct in a number of settings with a number of residents, resulting in some measure of publicity. In addition, plaintiff alleges that Blakeney was under investigation by the FBI and that the Chief of Police and the City Attorney were personally notified of Blakeney's harassing behavior. Because this case is at the pleading stage, the Court

must accept as true all factual allegations in the complaint and grant all reasonable inferences in favor of plaintiff. Applying this standard, the Court concludes that plaintiff has included sufficient factual information to proceed on his claim that the final decisionmakers had knowledge of Blakeney's abusive and retaliatory behavior and were deliberately indifferent to the risk that he would engage in conduct that violated plaintiff's constitutional rights.

Defendant moves to strike as immaterial and impertinent several of plaintiff's allegations, arguing generally that they are not relevant to plaintiff's retaliation claim. Plaintiff has adequately addressed defendant's argument and defendant's request to strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike and dismiss plaintiff's first amended complaint [Doc. # 15] is **denied**.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2019.